**IN THE UNITED STATES COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

Case No.: 1:15-cv-00122-MW/GRJ

DIANE B. CRAWFORD,

      Plaintiff,

vs.

ALACHUA COUNTY BOARD
OF COUNTY COMMISSIONERS,

      Defendant.

_____/

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RESERVE JURISDICTION TO ENFORCE SAME AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiff, DIANE B. CRAWFORD, and the Defendant, ALACHUA COUNTY BOARD OF COUNTY COMMISSIONERS, by and through the undersigned counsel and move this Court for an Order approving the Settlement Agreement and reserving jurisdiction to enforce the terms therein:

1.    Plaintiff, DIANE B. CRAWFORD, and Defendant, ALACHUA COUNTY BOARD OF COUNTY COMMISSIONERS (together, the "Parties"), have reached a compromise and settlement of all claims and disputes that were raised or could have been raised in this action.  The terms of the settlement are set

1

forth in detail in the General Release and Settlement Agreement (the "Settlement Agreement"), executed by the Parties on July 28, 2016, a copy of which is attached and incorporated herewith as **Exhibit "A."**

2.      The Settlement Agreement reflects the settlement of Plaintiff's claims arising under the FLSA and provides that same is subject to approval by this Court. "[W]here the parties seek dismissal of an FLSA claim *with prejudice*, the court must be satisfied that any compromise of FLSA rights is fair and reasonable." Appleby v. Hickman Constr., Inc., 2013 U.S. Dist. LEXIS 41331, at *3 (N.D. Fla. 2013); see also, Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

3.      In this instance, the parties have reached a reasonable compromise over Plaintiff's FLSA claims for back pay that were raised in an adversarial context.  Plaintiff is represented by attorneys who have counseled her as to her rights under the FLSA, and the effect on such rights in reaching the compromise under the Settlement Agreement. Here, the compromise results in the Plaintiff obtaining a fair and reasonable monetary sum in exchange for settling her claims arising from the FLSA.  See Affidavit of Diane B. Crawford, attached hereto as **Exhibit "B."**  The settlement reached by the parties demonstrates a reasonable

compromise that promotes both the policy of encouraging settlement of litigation while preserving the purposes of the FLSA.  Under these circumstances, it is appropriate for the Court to approve the settlement.

4.     Accordingly, Plaintiff and Defendant request that the Court approve the terms of the Settlement Agreement and retain jurisdiction to enforce same in accordance with the terms therein.

5.      Once this Settlement Agreement is approved and an Order entered, the Court may execute and enter an Order on the Joint Stipulation for Dismissal, attached hereto as **Exhibit "C,"** for which the Parties respectfully request same.

WHEREFORE, Plaintiff, DIANE B. CRAWFORD, and Defendant, ALACHUA COUNTY BOARD OF COUNTY COMMISSIONERS, respectfully request that this Court find that the Settlement Agreement incorporated as Exhibit "A" is approved by this Court and enter an Order approving said Settlement Agreement and retaining jurisdiction for the enforcement thereof.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

WE HEREBY CERTIFY that, pursuant to N.D. Fla. L. R. 7.1(B), the undersigned have conferred concerning this matter and that counsel for both parties are in agreement to file this Joint Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

WE HEREBY CERTIFY that the foregoing Joint Motion and incorporated memorandum of law, inclusive of this certificate, consists of 575 words, in compliance with the word limit set forth by N.D. Fla. L. R. 7.1(F).

3

Respectfully submitted this <u>28th</u> day of July, 2016.


Pike & Lustig, LLP                          Alachua County Attorney's Office

*/s/ Daniel Lustig, Esq.*                   */s/ Michele L. Lieberman*
Michael J. Pike                             Michele L. Lieberman
pike@turnpikelaw.com                        Florida Bar No.: 0134864
Florida Bar No.: 617296                     William E. Harlan, Jr.
Daniel Lustig                               Florida Bar No.: 0282227
daniel@turnpikelaw.com                      12 Southeast 1st Street
Florida Bar No.: 059225                     Gainesville, FL 32601
2465 Mercer Avenue, Suite 204               Telephone: (352) 374-5218
West Palm Beach, FL 33401                   Facsimile: (352) 374-5216
Telephone: (561) 855-7585                   mlieberman@alachuacounty.us
Facsimile: (561) 855-7710                   wharlan@alachuacounty.us
pleadings@turnpikelaw.com                   CAO@alachuacounty.us
Attorneys for Plaintiff                     Attorneys for Defendant