# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DIANE CRAWFORD,

Case No.: 1:15-cv-122 MW/GRJ

Plaintiff,

vs.

ALACHUA COUNTY BOARD
OF COUNTY COMMISSIONERS,

Defendant.

_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

**PLEASE READ CAREFULLY.**
**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter "Agreement"), is made and entered into by and between Diane B. Crawford ("Employee") and the Alachua County Board of County Commissioners ("Employer").

The Employee has been employed by Employer, and the parties desire to settle any and all disputes with respect to the above-styled case on terms that are mutually agreeable. Accordingly, in consideration of the mutual promises set forth below, Employer and Employee hereby agree as follows:

1.   For good and valuable consideration as specified below, the receipt of which is hereby acknowledged, Employee enters into this Agreement with Employer, which is intended to fully and finally resolve any and all matters between Employer and Employee with respect to the above-styled case, whether actual or potential, on terms that are mutually agreeable.

Page 1 of 9                    Employee's Initials _____

2.   By entering into this Agreement, Employer does not admit any underlying liability to Employee. Employer is not entering into this Agreement because of any wrongful acts of any kind.

3.   As consideration for the promises made by Employer in this Agreement, Employee promises and obligates herself to perform the following covenants under this Agreement:

a.)   Acting for herself, her heirs, personal representatives, administrators and anyone claiming by and/or through her, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any and all Claims related to the above-styled case (as defined below), whether known or unknown, that Employee may have against Employer or its Releasees as of the date of this Agreement, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees as of the date of this Agreement.

   i)    The phrases "Employer" and "Employer and its Releasees" shall mean the Alachua County Board of County Commissioners and all of its past and present elected officials, employees, successors, assigns, agents, servants and insurers, as well as its agencies and their officers, all inclusive.

   ii)   The term "Claims" shall include lawsuits, causes of action, obligations, claims, charges, promises, agreements, controversies, damages, debts, demands, liabilities, costs, expenses, compensation, rights and losses of every kind related to the above-styled case (including third-party claims for indemnity or contribution against Employer or its Releasees).

   iii)  The term "Claims" shall include Claims with respect to the above-styled case including claims arising under the Fair Labor Standards Act of 1938 (29 U.S.C. §201 *et seq.*, as amended).

   iv)   The term "Claims" shall include injuries or damage of any nature with respect to the above-styled case, regardless of whether such injuries or damage arose from an accident, illness, occupational disease, negligence, intentional act, or some other origin.

Employee's Initials _____

v)    The term "Claims" specifically includes third-party claims for indemnity or contribution against Employer or its Releasees with respect to the above-styled case.

vi)    The term "Claims" shall be construed to include any and all Claims meeting the definitions in paragraphs ii), iii), iv) and v), without regard to whether those claims are asserted or unasserted, known or unknown, ripe or unripe, direct or indirect, conditional or unconditional with respect to the above-styled case.

vii)    The term "Claims" does not include any claims arising subsequent to the filing of the above-referenced lawsuit, or subsequent to the execution of this Agreement.

b.)    Employee agrees to file a stipulation with the Court or join in a Joint Motion for Approval of the Settlement Agreement voluntarily dismissing this case with prejudice upon execution of this Agreement by the Employer.

c.)    Employee waives and relinquishes any rights that Employee may have to any and all claims for reimbursement from Employer and its Releasees for attorney's fees, litigation costs, or expenses that Employee may have incurred in the course of obtaining legal advice on any matter related to Employer with respect to the above-styled case, except as otherwise expressly provided for herein.

d.)    Employee waives and disclaims any right to any damages, compensation or other personal relief that may be recovered at any time after the execution of this Agreement as a result of any proceeding arising out of or related to the above-styled case that is brought under the jurisdiction or authority of the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations, the U. S. Department of Labor, or any other local, state, or federal court or agency. If any such agency or court assumes jurisdiction of or pursues any complaint, charge, or proceeding related to Employee against Employer or its Releasees, Employee will request such agency or court to dismiss or withdraw from the matter

within fifteen (15) days of receiving notice of same.

e.)   Employee agrees that she will not disparage Employer in any way to any person or entity.  This provision shall not be construed to limit Employee's freedom to speak truthfully about Employer in response to a subpoena or an investigation by any appropriate government agency.

f.)   Employee would find it difficult to be reemployed by Employer at this time or at any time in the future.  Employee agrees that she will not seek, apply for, or accept reemployment or reinstatement with Employer at any time after the execution of this Agreement. Employee agrees that if she violates the provisions of this subparagraph, Employer shall have the absolute right to immediately terminate her employment.

g.)   Employee shall comply with all other terms of this Agreement as provided for herein.

4.   As consideration for the promises made by Employee in this Agreement, Employer promises and obligates itself to perform the following covenants under this Agreement:

a.)   Employer shall pay Employee the gross amount of $120,000.00 within fifteen (15) days of approval of this Agreement by the Court and the expiration of the revocation period defined above, whichever occurs later.  Said funds will be issued in a check made payable to: "Pike & Lustig, LLP Trust Account."

b.)   Employer shall comply with all other terms of this Agreement as provided for herein.

c.)   Employer shall issue an IRS 1099 for the payment described in paragraph 4. a.) above.

5.   Employee shall have a period of twenty-one (21) calendar days ("the consideration period") from the date she is presented with this Agreement to consider the terms and consequences herein before executing the Agreement.  Employee is not required to let the full consideration period

Employee's Initials

elapse before executing the Agreement; rather, the Agreement may be executed on any date within the consideration period.

6.    Employee may revoke this Agreement for any reason at any time during the seven calendar days immediately following Employee's execution of this Agreement ("the revocation period"). To revoke this Agreement, Employee must cause written notice of her intent to revoke this Agreement to be delivered, within the revocation period, to Employer at the following address:

Alachua County Attorney's Office
Attn: Michele Lieberman, County Attorney
12 S.E. 1st Street
Gainesville, FL 32601

This Agreement shall not become effective or enforceable until the revocation period has expired without such notice having been delivered to Employer.

7.    Employee agrees that each of the following statements is truthful and accurate:

a.)    Employee is of sound mind and body.

b.)    Employee has sufficient education and experience to make choices for herself that may affect her legal rights.

c.)    Employee has full legal capacity to make decisions for herself.

d.)    Employee is aware that this Agreement has significant legal consequences.

e.)    Employee has consulted with an attorney of her choice prior to signing this Agreement.

f.)    Employee has decided to sign this Agreement of her own free will, and her decision to sign this Agreement has not been unduly influenced or controlled by any mental or emotional impairment or condition.

Employee's Initials

g.)   Employee is not executing this Agreement because of any duress or coercion imposed on her by anyone.

8.   Employee represents that she has not sold, transferred, or assigned to a third party any claims that she may have with respect to the above-styled case. Employee represents that any claims that she may have are unencumbered and otherwise within her power to dispose of.  Employee represents that she does not have any pending lawsuits, claims, or actions against Employer with respect to the above-styled case, or that if she does, she has fully disclosed such lawsuits, claims or actions to Employer prior to executing this Agreement.  Employee further represents that she has not suffered any damages in the course of her employment other than those she has previously disclosed to Employer, and that any previously disclosed damages in regard to the above-styled case are included within the scope of the claims settled by this Agreement.

9.   Except as otherwise specifically provided herein, any and all prior understandings and agreements between Employee and Employer with respect to the subject matter of this Agreement are merged into this Agreement, which fully and completely expresses the entire Agreement and understanding of the parties with respect to the subject matter hereof, particularly with respect to the duties owed by the Employer to Employee. Notwithstanding this provision, this Agreement shall not in any way diminish any obligation, duty or undertaking owed by the Employee to Employer because of any other contract or agreement or law.  The rights and releases given to Employer in this Agreement will be in addition to, and not in place of, any and all other rights held by Employer by virtue of any other contract, agreement or undertaking, and to that extent, the obligations of the Employee (specifically including, but not limited to, any noncompetition, nonsolicitation, or nondisclosure obligations) survive the execution of this Agreement.

10.   This Agreement shall not be orally amended, modified, or changed.  No change, amendment, or modification to the terms of this Agreement shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the parties that has been signed by Employee, and by duly authorized officers or representatives of Employer.

Employee's Initials

11.   This Agreement is made and entered into in the state of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. In the event of a breach of this Agreement by either party, the other party shall be entitled to seek enforcement of this Agreement exclusively before a state or federal court of competent jurisdiction located in Alachua County, Florida. The state and federal courts located in Alachua County, Florida shall be deemed to have exclusive jurisdiction and venue over any claim related to or arising from this Agreement. This Agreement shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Agreement.

12.   In the event a breach of the Agreement is proven, the non-breaching party may recover, in addition to damages, the reasonable costs and fees, including attorney's fees, incurred in establishing the breach and securing judicial relief. In the event that the provisions of this Agreement are breached, the non-breaching party may recover damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Agreement.

13.   The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Agreement, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

14.   Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Agreement.

15.   This Agreement is subject to final approval of the Court.

Executed at _Gainesville_, Florida, this _26th_ day of July, 2016.

EMPLOYEE:

Signed: _Diane B. Crawford_
Diane B. Crawford

Employee's Initials _DBC_

Witness: *Elizabeth Flanigan*

Print Name: *Elizabeth Flanigan*

STATE OF FLORIDA                )
                                )
COUNTY OF ALACHUA               )

     BEFORE ME, the undersigned authority, personally appeared Diane B. Crawford, who is: _____ personally known to me; or ✓_____ produced identification, who being by me first duly sworn, deposes and states that her execution thereof was her own free act and deed, for the uses and purposes therein expressed.

Type            of            identification            produced:
*Fla. Driver License C616-162-56-704-0*

    Dated this 26th day of July, 2016.


*Rita Armstrong*
_____
Notary Public, State of Florida
My commission expires: 02/09/2019

```
┌─────────────────────────────────────┐
│  NOTARY    RITA ARMSTRONG            │
│  PUBLIC    Notary Public, State of   │
│            Florida                   │
│            Commission# FF 107824     │
│            My comm. expires Feb. 9,  │
│            2019                      │
└─────────────────────────────────────┘
```


Executed at Gainesville, Florida, this 26th day of July, 2016.

Employee's Initials *DBC*

EMPLOYER:  Alachua County Board of County
Commissioners

Signed: _____

Title: _Chair - Alachua County Commission_

Date: _7 - 28 -16_

**APPROVED AS TO FORM**

for ALACHUA COUNTY ATTORNEY

Employee's Initials